# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BENNETT,** | ) | |
| 633 Oxford Street | ) | **CASE NO.** |
| Youngstown, Ohio 44510 | ) | |
| | ) | **JUDGE** |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | **(Jury Trial Endorsed Herein)** |
| | ) | |
| **STATE OF INDIANA** | ) | |
| **c/o Secretary of State** | ) | |
| 201 W. Washington Street, Room 201 | ) | |
| Indianapolis, Indiana 46204 | ) | |
| | ) | |
| **CITY OF HOBART** | ) | |
| 414 Main Street | ) | |
| Hobart, Indiana 46342 | ) | |
| | ) | |
| **HOBART POLICE DEPARTMENT** | ) | |
| 705 E. Fourth Street | ) | |
| Hobart, Indiana 46342 | ) | |
| | ) | |
| **CHIEF RICHARD W. ZORMIER** | ) | |
| 705 E. Fourth Street | ) | |
| Hobart, Indiana 46342 | ) | |
| | ) | |
| **OFFICER BRIAN TAYLOR, #124** | ) | |
| 705 E. Fourth Street | ) | |
| Hobart, Indiana 46342 | ) | |
| | ) | |
| **DEA TFO ANDREW BUSTOS** | ) | |
| Indianapolis Indiana DEA Office | ) | |
| 575 North Pennsylvania Street, 408 | ) | |
| Indianapolis, Indiana 46204 | ) | |
| | ) | |
| **JOHN DOE(S) I-V** | ) | |
| Names and addresses currently unknown. | ) | |
| | ) | |
| **Defendants.** | ) | |

1

Now comes Plaintiff, by and through the undersigned Counsels, and for his Complaint herein states as follows:

## THE PARTIES, JURISDICTION, and VENUE

1. Plaintiff Michael Bennett is a natural person residing in Mahoning County, Ohio.

2. Defendant State of Indiana is a State located in the United States of America.

3. Defendant City of Hobart, (hereinafter "City) is a city located in Lake County, Indiana.

4. Defendant Hobart Police Department is a police department located in Lake County, Indiana.

5. Defendant Richard W. Zormier is a natural person residing in Lake County, Indiana and the Police Chief of the Hobart Police Department.

6. Defendant Officer Brian Taylor, #124 is a natural born person and residing in Lake County, Indiana and police officer affiliated with the Hobart Police Department.

7. Defendant Drug Enforcement Administration (DEA) Task Force Officer (TFO) Andrew Bustos is a natural person and residing in Lake County, Indiana and a task force officer affiliated with the Hobart Police Department.

8. Defendants John Doe(s) I-V are persons whose identities have not yet been ascertained, and who have assisted or conspired with named Defendants to commit acts complained of herein.

9. This Court has subject matter jurisdiction over this action because, while in the doing of these things, alleged herein, as having been maliciously done, we further contend they violated in addition to his civil rights (within the ambit of **42 U.S.C. section 1983, et al.**), they also conspired to do so. This we contend follows because none of these actions can be justified by any reasonable suspicion that criminal

activity was afoot. The Plaintiff also seeks compensatory damages in the wake of violations of the **Fourth Amendment of the United States Constitution**, the "Taking Clause" of the **Fifth Amendment**; as well as the due process clauses of both the **Fifth and Fourteen Amendments** (also of the U.S. Constitution).hat given each and every, and all, of those denominated herein as Defendants were citizens of the State of Indiana, and given the Plaintiff is and was a citizen of the State of Ohio, it inexorably follows, this Court has jurisdiction.

10.   Venue is proper in this District herein pursuant to **28 U.S.C. section 1391** because given each and every, and all, of those denominated herein as Defendants were citizens of the State of Indiana, and given the Plaintiff is, and was, a citizen of the State of Ohio, it inexorably follows, venue is proper.  Indeed, this is proper because we are true diversity of citizenship format. See **28 U.S.C. section 1332**. Certainly, Plaintiff was an interstate traveler hailing from northern Ohio and headed to Indiana to complete a business transaction regarding the restoration of his antique vehicle.

## BACKGROUND FACTS

11. On or about April 23, 2020, Plaintiff was travelling east from his hometown, first, *along* the Indiana Turnpike, then on to Interstate 94, toward his destination, which was in South Holland, Illinois.

12. Plaintiff was then stopped by a duly certified Indiana law enforcement officer.

13. Plaintiff was stopped in the City of Hobart, Indiana.

14. Following this stop, ostensibly for the reason stated, the officer involved in the stop, who was in a vehicle that indicated it was being operated by a Hobart, Indiana police

officer, then approached the passenger side of the vehicle and stated the car had been stopped for "tailgating," which we concede is a traffic offense.

15. That when the driver of the vehicle, who was the possessor of a valid driver's license, could not locate his driver's license on his person, he was immediately arrested and locked in the officer's cruiser;

16. That the Plaintiff aptly surrendered his driver's license and information was offered to the officer to verify the legality of the vehicle rental;

17. That the Plaintiff was then asked to stand outside of the vehicle while it was searched;

18. That, nonetheless, while he was arrested, he was not handcuffed, arguably, for ulterior reasons and not for reasons that fall within the ambit of any of the authorizations that distill from *Terry v. Ohio*, **392 U.S. 1 (1968)**.

19. That while we concede that, before the officer proceeded to search this vehicle without probable cause to do so, he did state he had smelled an odor, that indicated to him the presence of marijuana inside the vehicle;

20. That he did locate, in his search, a packet of legally purchased marijuana, which was still sealed in the container it was purchased in (which was less than 8 grams);

21. That even though the driver told the officer the marijuana was his, and that he had purchased, and could prove it, the officer (shortly thereafter) said he was not concerned with the commercially, and legally purchased marijuana.

22. That, yet, despite these facts, this that he arguably believed such was the case, Defendant continued to search the vehicle.

23. Defendant did so even though we contend not only that he lacked probable cause to do so; given *Arizona v. Gant*, **556 U.S. 332 (2009)** and *Missouri v. McNelly*, **569 U.S. 141 (2013)**, a search warrant was required here to search the car in the manner he did.

24. That in light of the stop, the officer searched the vehicle and seized a large amount of money in the vehicle as well as a number of electronic devices.

25. That in the wake of the above events, neither the driver nor passenger were given a citation or ticket.

26. That given the presence of the packet of commercially purchased marijuana was in the vehicle, the likelihood that there was any marijuana contraband in the vehicle was not good. Thus, any argument that there was probable cause here to search this vehicle for marijuana would truly be unlikely and farfetched - - in our judgment;

27. Given a reasonable suspicion must be more than a hunch, an inchoate suspicion (or otherwise), it inexorably follows, the 4th Amendment requires more than minimal justification even for the stop. Here, we contend the stop was unjustified. This because it was said was for tailgating, which was not only farfetched, it was contrived, so as to justify the search the officer intended to make of this vehicle. This follows because it cannot it be proven any tailgating ever occurred, here.

28. That, in any event, the facts will show that these officers illegally searched this vehicle and, in its wake, found at least $25,000.00 in U.S. Currency.

29. That, after finding the money, Plaintiff was handcuffed and placed in the back of the police cruiser.

30. That, the driver, too, was then handcuffed and relocated to the front of the police cruiser.

31. That the money was ultimately seized in the name of a Defendant of the State of Indiana.

## I.     FIRST CAUSE OF ACTION

Violation of the Fourth and Fourteenth Amendments of the Unites States Constitution

42 U.S.C. 1983.

32. Plaintiff incorporates by reference and realleges Paragraphs 1 through 31.

33. That in so seizing these monies, the officers were acting on their own authority. They truly acted in a way that gave rise to Civil Rights violations (*i.e.*, violations of 45 U.S.C.,  section 1983, *et. al.*), which form the basis for this lawsuit lodged against the State, City of Hobart, and the officer who made the initial stop and who seized the money. Also, named here as Defendants, we have included the task force officer, the Chief of Police and his police department, as well as any other unidentified individuals involved in these violations. All of whom were complicit - - either, directly or indirectly and are also responsible for these events.

34. That in addition thereto the deprivation of assets, which continues today, certain other matters were not fulfilled including the restoration of the vehicle.

35. That the taking of Plaintiff's money cannot be defended because motives for the stop were ulterior. Indeed, the sole reason the officer stopped Plaintiff's vehicle was because it had been profiled because of race and the fact that the Chicago area itself has been profiled as being a huge drug distribution center.

36. That with reference to the State, the City, and the Chief of Police, all of whom were culpable and were responsible for, not only, training the officers they unleash on the public (as was done here) but clearly because the arresting officer had to be aware that

once he removes people and locates them elsewhere, a warrant is required to search their vehicle. This they did not even seek.

37. That the above meaningful averment is magnified by the fact that, if the officer had been properly trained, he would have known that he could have obtained a telephonic search warrant. We suppose this could have been achieved in less time that it took for the help that he sought to arrive;

38. That, should the facts here turn out to show, that either this officer did not know he needed a warrant, or that is the City, its Chief, the police department, or the State failed to explain that option to him, it follows, then they failed to provide him with the skills needed to Patrol our highways and to seize monies from people, arguably done to enrich the coffers of those who are supposed to be qualified to seek a forfeiture. For this, they must be held to be responsible.

## II.      SECOND CAUSE OF ACTION

Violation of the Fourth and Fourteenth Amendments of the Unites States Constitution

42 U.S.C. 1983

39. Plaintiff incorporates by reference and realleges paragraphs 1-38 of this Complaint.

40. Defendants, while acting under color of law and in concert with one another, have also violated Plaintiff's rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution; as well as, "the Taking Clause" of the Fifth Amendment, Defendants have subjected Plaintiff to a lengthy detention, interrogations and searches, without probable cause or reasonable suspicion to believe that any crime had been committed or that Plaintiff was carrying illegal drugs of any kind, in violation of the Fourth Amendment

7

guarantee against unreasonable searches and seizures. This gives rise to Plaintiff's claims pursuant to the Fourteenth Amendment and 42 U.S.C. section 1983.

41. Defendants, while acting under color of law, did institute, authorize, tolerate, ratify permit and acquiesce in policies, practices and customs of detentions, interrogations, searches and seizures, indeed, without probable cause or reasonable, articulable suspicion of crime, these prerogatives were all traversed, here.

42. Defendants' acts were done in knowing violation of Plaintiff's legal and constitutional rights, without good faith, and have directly and proximately caused Plaintiff's humiliation, and, arguably, mental pain and suffering.

### III.    THIRD CAUSE OF ACTION

Violation of the Commerce Clause, Article IV and Fourteenth Amendment to the United States Constitution 42 U.S.C. 1983

43. Plaintiff incorporates by reference and realleges paragraphs 1-42 of this Complaint.

44. Defendants, acting under color of law and in concert with one another, have cause Plaintiff to be penalized and deterred in the exercise of his fundamental right to interstate travel and migration on account of his race and/or ethnicity and/or national origin. These actions violated Plaintiff's unrestricted right to travel, which was done in violation of the Commerce Clause and the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment.

45. Defendants, while still acting under color of law, institute, authorize, ratify, permit and acquiesce in policies, practices and customs of detention, searches and seizures which violate Plaintiff's fundamental right to interstate travel.

8

46. Defendants' acts, to be sure, were done in known violation of Plaintiff's legal and constitutional rights, without good faith, and have directly and proximately caused Plaintiff's humiliation, mental pain and suffering.

## IV.    FOURTH CAUSE OF ACTION

### Violation of 42 U.S.C. 1981

47. Plaintiff incorporates by reference and realleges paragraphs 1-46 of this Complaint.

48. Defendants, acting under color of law and in concert with one another, also denied Plaintiff his rights to full and equal benefit of the laws and their right to be subject to like punishment under 42 U.S.C. 1981.

49. Defendants' acts were the result of discriminatory intent and were done in known violation of Plaintiff's legal and constitutional rights, without good faith, and have directly and proximately caused Plaintiff's humiliation, mental pain and suffering.

## V.    FIFTH CAUSE OF ACTION

### Conspiracy to Violate Civil Rights

### 42 U.S.C. 1986

50. Plaintiff incorporates by reference and realleges paragraphs 1-49 of this Complaint.

51. Defendants, acting under color of law and in concert with one another, and by way of a conspiracy among them, have caused Plaintiff, to be denied equal protection of the laws and to be deprived of equal privileges and immunities under the laws, on account of Plaintiff's race and/or national origin, by subjecting him to legally unjustified and racially discriminatory detentions and searches. The supervisory Defendants had knowledge of the conspiracy to violate Plaintiff's civil rights and the

violations committed, and had power to prevent these wrongs, but neglected and refused to do so in violation of 42 U.S.C. 1986.

52. Defendants' acts were done in knowing violation of Plaintiff's legal and constitutional rights and have directly and proximately caused Plaintiff's humiliation and mental pain and suffering.

## VI.    SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

53. Plaintiff incorporates by reference and realleges paragraphs 1-52 of this Complaint.

54. Defendants' above-described conduct, and misconduct, herein, was extreme and outrageous. Said conduct was done intentionally and with conscious disregard of Plaintiff's rights, and directly and proximately caused Plaintiff humiliation, mental pain and suffering.

## VII.    SEVENTH CAUSE OF ACTION

### False Imprisonment

55. Plaintiff incorporates by reference and realleges paragraphs 1-54 of this Complaint.

56. Defendants' above-described conduct restrained Plaintiff against his will and without legal justification.

57. Defendants' acts were intentional and done in violation of Plaintiff's rights, and have directly and proximately caused Plaintiff humiliation, mental pain and suffering.

## VIII.   EIGHTH CAUSE OF ACTION

### Declaratory Relief

58. Plaintiff incorporates by reference and realleges paragraphs 1-57 of this Complaint.

59. There is a real and actual controversy between Plaintiff and Defendants regarding whether the Defendants may undertake to act as described, herein. Still, Plaintiff contends that Defendants violated the United States and Indiana constitutions and the laws of the United States and Indiana. On information and belief, Defendants deny that their conduct violated the United States and Indiana Constitutions and the laws of the United States and of Indiana. Because of the events alleged above, Plaintiff fears that he will again be subjected to such unlawful and unconstitutional actions, and seeks a judicial declaration that Defendants' conduct deprived Plaintiff of his rights under the United States and Indiana Constitutions and the laws of the United States and Indiana.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a Judgment on his Complaint as Three Hundred Thousand dollars ($300,000.00) in compensatory damages; Five Hundred Thousand dollars ($500,000.00) in exemplary and punitive damages. Also, we seek reasonable attorneys' fees by Plaintiffs in connection with bringing and prosecuting this action; for the costs of the within action; any statutory damages appropriate; and for any other and further relief that Plaintiffs may be entitled to receive at law or in equity.

## X.     DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Rule 38.1, Local Rules, United States District Court, Northern District of Ohio, Plaintiff demands trial by jury for all issues plead herein so triable.

Respectfully submitted,

/s/ James R. Willis

**JAMES R. WILLIS, ESQ. (0032463)**
**CLARISSA A. SMITH, (0095891)**
1144 Rockefeller Bldg.
614 West Superior Avenue
Cleveland, Ohio 44113
(216) 523-1100
(216) 274-9915 (Fax)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11th, 2020, a copy of the foregoing ***Complaint…*** was filed

electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic

filing system. Parties may access this filing through the Court's system. All parties not served by

the Court's electronic filing system have been served via certified mail.


/s/ James R. Willis
**JAMES R. WILLIS, ESQ. (0032463)**
**CLARISSA A. SMITH, (0095891)**
*Attorneys for Plaintiff*