UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| MICHAEL BENNETT, | : | CASE NO. 4:20-cv-01016 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 5] |
| vs. | : | |
| | : | |
| STATE OF INDIANA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

This case arises out of an Indiana traffic stop and arrest. Plaintiff Michael Bennett sues Defendants Indiana, Hobart, Hobart Police Department, and several individual officers, claiming Fourth, Fifth, and Fourteenth Amendment violations.[1]

Defendants move to dismiss the suit for lack of personal jurisdiction and improper venue.[2] Plaintiff Bennett did not respond.

For the following reasons, the Court **DENIES** Defendants' motion to dismiss and **TRANSFERS** the suit to the Northern District of Indiana.

I. Discussion

    A. Personal Jurisdiction

To survive a 12(b)(2) motion decided solely on the complaint, "the plaintiff must make a *prima facie* showing that the Court has personal jurisdiction."[3] "A federal court with federal

---

[1] Doc. 1.
[2] Doc. 5.
[3] *NOCO Co. v. OJCommerce, LLC*, No. 1:19-cv-02298, 2020 WL 6411587, at *1 (N.D. Ohio Nov. 2, 2020) (citing *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)) (internal quotations omitted)).

Case No. 4:20-cv-01016
GWIN, J.

question subject matter jurisdiction has specific personal jurisdiction over a defendant 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'"[4]

Hobart Police Department officers stopped and arrested Plaintiff Bennett while Bennett was driving in Hobart, Indiana.[5] Ohio's long-arm statute authorizes courts to exercise personal jurisdiction over a defendant for conduct that occurred outside Ohio in only three instances: (1) when the defendant "regularly does or solicits business," "engages in any other persistent course of conduct," "or derives substantial revenue from goods used or consumed or services rendered" in Ohio, (2) when the defendant causes injury in Ohio by breaching a warranty on a sale of goods and may "reasonably have expected" the victim to "use, consume, or be affected by the goods" in Ohio, and (3) when the defendant causes intentional tortious injury in Ohio and may "reasonably have expected" that the victim would be injured in Ohio.[6]

Ohio's long-arm statute does not reach Defendants' Indiana conduct. As a result, the Court does not have personal jurisdiction over Defendants.[7]

### B. Venue

Venue rests in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is

---

[4] *NOCO Co.*, 2020 WL 6411587, at *1 (quoting *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)) (alterations in original)).
[5] Doc. 1 at 3.
[6] Ohio Rev. Code § 2307.382(A)(4)–(6).
[7] Because this case falls outside Ohio's long-arm statute, the Court need not consider whether exercising personal jurisdiction would satisfy due process requirements.

- 2 -

Case No. 4:20-cv-01016
GWIN, J.

no other district where the action may be brought, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[8]

In this case, Defendants are not Ohio residents[9] and all relevant events took place in Indiana.[10] Moreover, this Court does not have personal jurisdiction over Defendants. As a result, the Northern District of Ohio is an improper venue for this suit.

When a plaintiff files a suit in an incorrect venue, the court can (1) dismiss the case, or (2) "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."[11]

The Court finds it is in the interest of justice to transfer this suit to the Northern District of Indiana, which encompasses Hobart, where Plaintiff Bennett could have originally filed.

## II. Conclusion

The Court **DENIES** Defendants' motion to dismiss. Instead, the Court **TRANSFERS** the suit to the Northern District of Indiana.

IT IS SO ORDERED.

Dated: December 8, 2020           s/  *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C. § 1391(b).
[9] Doc. 1 at 2.
[10] Doc. 1.
[11] 28 U.S.C. § 1406(a); *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed has personal jurisdiction over the defendants or not.").

- 3 -